UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FERGEANU HARTFIELD,

                                      CASE NO. 11-13719
      Plaintiff,                  HON. LAWRENCE P. ZATKOFF

v.

FARMERS INSURANCE EXCHANGE,

      Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 10, 2013.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Partial Summary Judgment[1] [dkt 10] and Motion to Dismiss for Lack of Subject-Matter Jurisdiction [dkt 15]. Plaintiff responded to the Motions. Defendant failed to file a reply to either response, and the time period in which to do so has elapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument or additional briefing. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted. For the reasons set forth below, Defendant's

---

[1] Defendant has another Motion for Partial Summary Judgment [dkt 9] pending before the Court. The parties, however, submitted a Stipulated Order of Partial Dismissal in relation to the issues disputed in the Motion. It is therefore unnecessary for the Court to address the merits of that Motion.

Motion to Dismiss is GRANTED and Motion for Partial Summary Judgment is DENIED as moot.

## II. FACTUAL BACKGROUND

On April 28, 2006, Plaintiff Fergeanu Hartfield ("Plaintiff") was involved in a motor vehicle accident ("Accident") in the parking lot adjacent to the Walgreens located near the intersection of Fort and Southfield Roads in Lincoln Park, Michigan. At the time of the Accident, Plaintiff was insured under a Michigan No-Fault insurance policy issued by Defendant Farmers Insurance Exchange ("Defendant"). Plaintiff alleges that as a result of the Accident she sustained serious and permanent injuries including, among others, a closed head injury and neck, back, and right shoulder injuries. Plaintiff further alleges that Defendant failed to pay Plaintiff's allowable expenses, *i.e.*, wage loss, attendant care, and replacement services, as directed by her insurance policy.

## III. PROCEDURAL BACKGROUND

On January 22, 2007, Plaintiff filed a complaint against Defendant in Wayne County Circuit Court to recover first-party No-Fault PIP benefits (*i.e.*, allowable expenses) arising from the Accident. Plaintiff's state case culminated with a jury trial and verdict, in which the jury found that Plaintiff sustained an accidental bodily injury arising out of the Accident, which caused Plaintiff to incur allowable expenses under Michigan's No-Fault Act, M.C.L.A. 500.3101, *et seq*. Despite those findings, the jury determined that the amount of allowable expenses owed to Plaintiff was $0.00.[2]

On August 26, 2011, Plaintiff filed the instant case against Defendant claiming, for the second time, allowable expenses related to her closed head injury and neck, back, and right shoulder injuries. Defendant's Motion for Partial Summary Judgment argues that, based on the doctrine of

---

[2] Subsequent to the state court judgment, Plaintiff asserts that she continued to receive medical services from her treating physicians.

res judicata, the state court judgment precludes the issue of whether or not Defendant is responsible for paying for the claimed expenses. Additionally, Defendant filed a Motion to Dismiss alleging that the parties are not completely diverse under 28 U.S.C. § 1332(a), which would serve to destroy the Court's subject-matter jurisdiction over this matter. For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss.

### IV. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) permits dismissal for "lack of jurisdiction over the subject matter." Lack of subject-matter jurisdiction may be asserted at any time, either in a pleading or in a motion. *See* Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Ky.*, 381 F.3d 511, 516 (6th Cir. 2004). A party making a "factual attack" on subject-matter jurisdiction challenges the actual existence of the court's jurisdiction, *i.e.*, a defect may exist even though the complaint contains the formal allegations necessary to invoke jurisdiction. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

### V. ANALYSIS

The Court initially notes that, because this is not a "direct action"[3] against Defendant (an

---

[3] "Direct action" as used in 28 U.S.C. §1332(c)(1) refers to situations where the plaintiff is suing the tortfeasor's insurer, rather than the tortfeasor directly, on the issue of liability. *See Estate of Monahan v. Am. States Ins. Co.*, 75 Fed. App'x 340, 343 (6th Cir. 2003). *See also Dunleavy v. State Farm Fire and Cas. Co.*, No. 10-13879, 2011 WL 317727, at *2 (E.D. Mich. Feb. 1, 2011) ("A 'direct action' under § 1332(c)(1) is one in which a party who suffered injuries or damage for which another is legally responsible is entitled to bring suit against the tortfeasor's liability insurer directly without joining the insured . . . . In other words, the statute is applicable only if the insurer stands

insurer), the portion of 28 U.S.C. § 1332(c)(1) that involves an insurer's citizenship is not applicable. In a "direct action" between an insured and an insurer, § 1332(c)(1) essentially functions as a barrier to litigants desiring to bring their actions in federal court because the parties will lack complete diversity. *See* 28 U.S.C. § 1332(c)(1) (stating that in any direct actions against the insurer by the insured, the citizenship of the named insured is imputed to the insurer). It is well-established in the Sixth Circuit, however, that the "direct action" provision of § 1332(c)(1) is inapposite when a plaintiff sues his or her own insurance company: "[A]pplying the direct action provision to disputes solely between an insured and her own insurance company would result in an absurdity—federal courts would never hear common insurance disputes because the insured and insurer, the plaintiff and the defendant, would always be considered citizens of the same state." *Lee Lipstreu v. Chubb Group Ins. Cos.*, 329 F.3d 898, 899–900 (6th Cir. 2003). Thus, a plaintiff suing her own insurance company for benefits does not constitute a "direct action." As such, traditional diversity principles, namely, diversity of citizenship and amount in controversy, must be considered when determining whether this Court has subject-matter jurisdiction. *See id.* at 900.

For diversity jurisdiction to exist, § 1332 requires complete diversity between the parties, plus an amount in controversy exceeding $75,000.[4] *See* 28 U.S.C. § 1332(a). Complete diversity of citizenship exists when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted.)

---

in the shoes of its insured who would traditionally be the defendant . . . .").

[4] The parties do not dispute that the threshold for the amount in controversy requirement is satisfied.

4

Here, Plaintiff is a citizen of Michigan. Defendant is a reciprocal or inter-insurance exchange[5] organized under the laws of California, authorized to engage in insurance business in Michigan, with its principal place of business in California. Defendant contends that, as a reciprocal insurance exchange, it is composed of members (*i.e.*, policyholders) functioning as an unincorporated association and, consequently, that it is considered a citizen of each state in which its members reside. Though the Sixth Circuit has not squarely addressed the argument proffered by Defendant, other federal courts have almost uniformly adopted Defendant's position.

"A reciprocal insurance exchange . . . is an *unincorporated* business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds." *Brown v. Farmers Ins. Co.*, No. 06-13693, 2007 WL 496669, at *2 (E.D. Mich. Feb. 13, 2007) (citation omitted) (emphasis added). Unlike corporations, whose citizenship is determined according to the state of incorporation and the location of its principal place of business, unincorporated entities carry the citizenship of their members (or subscribers). *See Carden v. Aroma Assoc.*, 494 U.S. 185, 195–96 (1990). Accordingly, numerous federal courts have repeatedly recognized that reciprocal insurance exchanges or associations, like Defendant, do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member. *See, e.g.*, *Tuck v. United Serv. Auto Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("[F]or purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of the individual members of the association.") (citation and internal quotes omitted); *Baer v. United Serv. Auto.*

---

[5] "Reciprocal or inter-insurance" exchange means a system of insurance whereby several persons, partnerships, or corporations, acting through a common attorney, undertake to insure each other against kinds of losses by means of a mutual exchange of insurance contracts.

5

*Ass'n*, 503 F.2d 393, 396 (2nd Cir. 1974) ("United [Services Automobile Association] appears to be precisely the type of unincorporated reciprocal insurance association . . . to be, for diversity purposes, a citizen of each state in which it has members or subscribers.").

It is undisputed that Defendant has, at a minimum, one member that is a citizen of Michigan. Attached to Defendant's Motion to Dismiss is the insurance contract entered into between Defendant and Plaintiff in which the reciprocal provisions define Plaintiff as a "subscriber" and "member".[6] *See* Dkt. # 15–1, p. 22–23. Further, the insurance contract states the insured's name and address as follows: Fergeanu Hartfield (Plaintiff), 16469 Ter Crt Bld 86, Taylor, MI 48180. *See id.* at 6. Thus, according to the face of the insurance contract, Plaintiff—a "subscriber" or "member"—is a citizen of Michigan. And, because Defendant—a reciprocal insurance exchange—is considered to be a citizen of each state in which it has subscribers or members, Defendant and Plaintiff are therefore both citizens of Michigan. Pursuant to § 1332(a), complete diversity of citizenship is non-existent and the Court is required to dismiss this case for lack of subject matter-jurisdiction.

The Court finds Plaintiff's argument in opposition unpersuasive. Simply stated, Plaintiff argues that the individual policyholders in reciprocal insurance exchanges, like Defendant, are not members; rather, Plaintiff argues, these individual policyholders are more akin to customers and their citizenship is irrelevant for diversity jurisdiction purposes. In offering that theory, Plaintiff relies on two cases to support her position. *See Erie Ins. Exch. v. Davenport Insulation, Inc.*, 616 F. Supp. 2d 578 (D. Md. 2009) (concluding that Erie Insurance Exchange's individual policy holders are its customers and not its members); *Garcia v. Farmers Ins. Exch.*, 121 F. Supp. 2d 667 (N.D.

---

[6] The Court notes that the interchangeable use of "subscriber" and "member" has no legal significance.

2:11-cv-13719-LPZ-MKM   Doc # 18   Filed 01/10/13   Pg 7 of 9   Pg ID 532

Ill. 2000) (analyzing the relationship between an insurance exchange and the individual policy holders as one similar to a business relationship, and ultimately concluding that the individuals were more appropriately labeled as customers of the insurance exchange). Yet, these cases are not binding on the Court and, more notably, the express language of Plaintiff's insurance contract with Defendant belies her argument.

The Reciprocal Provisions contained in Plaintiff's insurance policy state in pertinent part:

> This policy is made and accepted in consideration of your premium payment to us. It is also in consideration of the power of attorney you signed as part of your application and the information you gave us on your application.
>
> . . .
>
> When you signed the power of attorney authority on your application, you authorized the Farmers Underwriters Association to execute interinsurance policies between you and other *subscribers*.
>
> . . .
>
> *Membership* fees which you pay are not part of the premium. They are fully earned when you are granted *membership* and coverage is effective. .
>
> . . .
>
> We hold the Annual Meeting of the *members* of the Exchange at our Home Office at Los Angeles, California, on the first Monday following the 15th day of March of each year at the hour of 2:00 p.m. The Board of Governors may elect to change the time and place of the meeting. If they do so, you will be mailed a written or printed notice at your last known address at least ten days before such a time. Otherwise, no notice will be sent to you.
>
> The Board of Governors shall be chosen by *subscribers* from among yourselves. This will take place at the annual meeting or at any special meeting which is held for that purpose. The Board of Governors shall have full power and authority to establish such rules and regulations for our management as are not inconsistent with the *subscribers*' agreements.

7

(Dkt. # 15–1, p. 22-23) (emphasis added). Thus, under the terms of the insurance contact, Defendant defines its insureds or policyholders as "subscribers" and "members".[7] Plaintiff's attempt to characterize herself as a "customer", and not a "member", contradicts the unambiguous terms of the contract and therefore lacks merit. Moreover, in addition to being non-binding on the Court, the cases cited by Plaintiff in support of her argument are against the greater weight of authority on this issue. *See,* e.g., *AMCO Ins. Co. v. Erie Ins. Exch.*, No. 11 C 4842, 2011 WL 5833977, at *3 (N.D. Ill. Nov. 16, 2011) ("As an unincorporated business entity, Erie [Insurance Exchange] bears the citizenship of each of its members . . . ."); *Themis Lodging Corp. v. Erie Ins. Exchange*, No. 1:10 CV 0003, 2010 WL 2817251, at *1 (N.D. Ohio July 16, 2010) (concluding that Erie Insurance Exchange was a citizen of Michigan because it had members who were citizens of Michigan); *Brown*, 2007 WL 496669, at *3 ("Thus, well-settled precedent exists for defining the citizenship of [Farmers Insurance Exchange] by its members."). As such, the Court discerns no compelling reason to deviate from federal district courts' near-uniform acceptance of the principles that (1) define reciprocal insurance exchange policyholders as "members" and (2) determine that such insurance exchanges bear the citizenship of its members.

In conclusion, because Plaintiff and Defendant are both citizens of Michigan, the Court will grant Defendant's Motion to Dismiss for lack of subject-matter jurisdiction.

---

[7] *See supra* note 3.

## VI. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [dkt 15] is GRANTED and the Court is thereby divested of subject-matter jurisdiction;

IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment [dkt 10] is DENIED as moot.

S/Lawrence P. Zatkoff<br>
Hon. Lawrence P. Zatkoff<br>
U.S. District Judge

Dated: January 10, 2013